

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 3, 1977

Honorable Paul Cromwell
Chairman
Board of Pardons & Paroles
Room 711, Stephen F. Austin
  Building
Austin, Texas 78701

Opinion No. H- 987

Re: Representation of inmates
by legislators before the
Board of Pardons & Paroles.

Dear Mr. Cromwell:

You inquire about the circumstances under which members
of the Texas Legislature may represent inmates of Texas
prisons before the Board of Pardons and Paroles. Before
granting parole to a prisoner, the Board may interview him.
Code Crim. Proc. art. 42.12, § 15(c). By Board rule, inmate
interviews are conducted privately and not as public hearings,
a practice expressly permitted by the Texas Open Meetings Act.
V.T.C.S. art. 6252-17, § 2(p). Any person who represents an
inmate in his interview with the Board must submit an affidavit
stating whether he has received or will receive a fee for his
services. Code Crim. Proc. art. 42.12, § 18.

You ask whether legislators may represent inmates for a
fee in connection with such proceedings in view of the following
provision:

> (a) No member of the legislature shall,
> for compensation, represent another person
> before a state agency in the executive
> branch of state government unless:
>
> (1) the representation is made
> in a proceeding that is adversary
> in nature or other public hearing
> which is a matter of record. . . .

V.T.C.S. art. 6252-9b, § 7.

The Board of Pardons and Paroles is a state agency in
the executive branch. See V.T.C.S. art. 6252-9b, § 2, (5)(A)

p. 4104

(xiv) and (8)(A)(i).  An inmate interview is neither public
nor adversary; therefore, members of the Legislature may
not represent inmates in such an interview for a fee.

You also ask whether the Board may refuse to allow legis-
lators who are receiving a fee to represent inmates of the
Texas Department of Corrections.  The Board has power to make
rules respecting the interviews.  Article 42.12 of the Code
of Criminal Procedure provides in part:

> The Board may adopt such other reasonable
> rules not inconsistent with law as it may
> deem proper or necessary with respect to
> . . . the conduct of parole hearings. . . .

Sec. 15(d).

> The Board shall formulate rules as to the
> submission and presentation of information
> and arguments to the Board for and in be-
> half of any persons within the jurisdiction
> of the Board.

Sec. 18.  Under these provisions we believe the Board may
adopt rules governing the qualifications of persons who repre-
sent inmates before it; however, in order to be valid, an ad-
ministrative rule discriminating between persons must have a
reasonable basis related to the purpose of the rule.  Railroad
Commission v. Shell Oil Co., 161 S.W.2d 1022, 1026 (Tex. 1942);
Ground Water Conservation Dist. No. 2 v. Hawley, 304 S.W.2d 764,
767 (Tex. Civ. App. -- Amarillo 1957) writ ref'd n.r.e. per
curiam, 306 S.W.2d 352 (Tex. 1957).  A rule forbidding legis-
lators from representing inmates for a fee in closed proceedings
before the Board merely reflects the statutory prohibition of
article 6252-9b, and we believe it would be found to be rea-
sonable.  Of course, neither the rule nor the statute prohibit
appearances by legislators when no fee is involved.

## S U M M A R Y

> Article 6252-9b, section 7 prevents legis-
> lators from representing inmates for a fee
> in private interviews with the Board of
> Pardons and Paroles.  The Board may make
> a rule forbidding legislators from repre-
> senting inmates for a fee in proceedings
> which are either nonadversary or non-
> public.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml